JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN STRETCH (CSBN 163973)
Chief, Criminal Division

DENISE MARIE BARTON (MABN 634052)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7359
Facsimile: (415) 436-7234
denise.barton@usdoj.gov

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                                                  )<br>        Plaintiff,                          )<br>                                                  )<br>   v.                                           )<br>                                                  )<br> BARBARA LEWIS,                 )<br>                                                  )<br>        Defendant.                     )<br>_____) | NO. CR 07-782 WHA<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Sentencing<br>Date:           April 29, 2008<br>Time:          2:00 pm<br>Courtroom: 19th Floor, Courtroom 9<br>Hon. William H. Alsup |

The United States joins in the recommendation of the United States Probation Department for a mid-range sentence for the defendant Barbara Lewis. The defendant purposefully obtained and used a United States passport in the name of another for a four year period. With this passport, she evaded immigration laws and traveled internationally for the purpose of engaging in further criminal conduct. The government submits that the 11 month, mid-range sentence recommended by the United States Probation Department is a reasonable and appropriate disposition of the matter.

**OFFENSE CONDUCT**

On November 21, 1997, the defendant entered the United States at San Francisco

International Airport with a United States passport issued in the name of Stephanie Michelle Puckett. *PSR, ¶ 6.* The defendant was referred for secondary inspection because this passport has been associated with a criminal investigation into money laundering and drug trafficking in Arizona. *PSR, ¶ 6.* Customs and Border Protection Officers determined that the defendant's fingerprints did not match those on file for Stephanie Michelle Puckett and that the defendant was actually Barbara Marcia Lewis, an illegal alien from Jamaica. *PSR, ¶ 7.* After her arrest, the defendant admitted that she was not Stephanie Michelle Puckett and that she had fraudulently obtained and used the passport.

**ARGUMENT**

In determining the appropriate sentence in a criminal case, the Court must begin by determining the applicable Guidelines range. The Sentencing Guidelines are "the 'starting point and the initial benchmark,'" *United States v. Kimbrough*, 128 S. Ct. 558, 574 (quoting *United States v. Gall*, 128 S. Ct. 586, 596), and are to be kept in mind throughout the process, *Gall*, 128 S.Ct. at 596-97 n. 6. Thereafter, the court must evaluate the sentence for substantive reasonableness in light of the factors set out in 18 U.S.C. § 3553(a). *United States v. Carty,__ F.3d __*, 2008 WL 763770 at *8 (9th Cir. 2008) (en banc). The overarching statutory charge for a district court is to "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. *Id.*; *see also 18 U.S.C. § 3553(a) and (a)(2)*. In cases that are neither complex nor unusual, "the Commission's recommendation of a sentencing range will reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Carty,__ F.3d __*, 2008 WL 763770 at 8 (internal citations and quotations omitted). A Guidelines sentence will "usually be reasonable." *Id.* at *6.

///
///
///

A.  Guidelines Range.

The United States agrees with the United States Probation Department that the adjusted offense level for this defendant is 10; the Criminal History Category is II; and the resulting sentence range under the Sentencing Guidelines is 8-14 months

B.  Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.

The nature and circumstances of this offense support a mid-range sentence. The defendant, a Jamaican national who resided in Arizona, obtained the false passport in the name of Stephanie Puckett in 2003 using other fraudulently obtained documents - a birth certificate and social security card. *PSR, ¶ 11*. Thereafter, she used this passport over a period of four years for travel to engage in further criminal conduct for her financial gain. *PSR, ¶¶ 11, 12, 14*. Although defendant contends that she did not use the passport to carry narcotics, *see PSR ¶ 11*, it is noteworthy that before her arrest in San Francisco the defendant was stopped at the Los Angeles airport with $17,000 undeclared cash using the name Stephanie Michelle Puckett and that the name Stephanie Puckett has been identified in connection with a investigation operated by English, Jamaican, and other foreign nationals trafficking in narcotics and laundering money out Arizona and England. *PSR, ¶ 6*. The United States suggests that it is not a coincidence that the defendant, a Jamaican national, known to have lived in Arizona and England, who was stopped at the Los Angeles airport when returning from London with a large amount of cash was using a passport associated with an ongoing criminal narcotics and money laundering investigation.

From the Presentence Report, the United States is aware of the information concerning the defendant's personal and family background. Without any means to verify or corroborate these statements, it is difficult to ascertain how, if at all, this information should affect her sentence. The United States suggests that even if this information is accepted as true, her history and background does not excuse her purposeful actions in obtaining and using a false passport.

///

Notwithstanding the seriousness of her conduct, the United States recognizes the defendant admitted her conduct upon arrest and thereafter pled guilty early in the case, thereby avoiding prolonged court appearances and pre-trial motions.

C.  <u>The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment</u>.

As set forth in 18 U.S.C. § 3553(a)(2)(A), the Court must also consider the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. The defendant, in claiming to be a United States citizen, stole the identity of a United States citizen, violated United States immigration and customs laws, and hid her true identity from customs official each time she traveled with this passport, all in purposeful disregard of the applicable laws.

D.  <u>The Need To Afford Adequate Deterrence to Criminal Conduct</u>.

Section 3553(a)(2)(B) requires this Court to take into account the need to provide adequate deterrence to criminal conduct. The defendant has already been convicted of one serious crime - the transportation of narcotics. *PSR, ¶ 29.* During that crime, like the instant one, she used a false name. Her conviction and incarceration on the narcotics offense did not deter her from obtaining and using a false passport to engage in further criminal conduct. It is hoped that a sentence of 11 months, followed by 3 years supervised release, will be significant to the defendant and sufficient, but not greater than necessary, to impress upon her that continuing to engage in criminal conduct will lead to nothing but further imprisonment, with even longer sentences in the future.

///
///
///
///
///

**CONCLUSION**

For these reasons and those set forth below, the United States submits that a mid-range sentence is "sufficient, but not greater than necessary" to effect the purposes of sentencing. See 18 U.S.C. § 3553(a).

DATED: April 22, 2008                    Respectfully submitted,

                                                  JOSEPH P. RUSSONIELLO
                                                  United States Attorney

                                                  /s/ Denise Barton
                                                 DENISE MARIE BARTON
                                                 Assistant United States Attorney