**Robert J. Beles** Bar No. 41993
**Jamil Karwash** Bar no. 240796
One Kaiser Plaza, Suite 2300
Oakland, California 94612-3642
Tel No. (510) 836-0100
Fax. No. (510) 832-3690

Attorneys for *Defendant*

# United States District Court
# Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 07-00782-1 WHA |
| *Plaintiff*, vs. | AMENDED SENTENCING MEMORANDUM |
| BARBARA LEWIS, | DATE: April 29, 2008 |
| *Defendant*. | TIME: 2:00 p.m |
| | JUDGE: The Honorable William Alsup |

**AMENDED SENTENCING MEMORANDUM**

**1.  An 11 month prison sentence would not carry out the goals of 18 U.S.C. section 3553(a)**

Defendant Lewis pleaded guilty to a violation of 18 U.S.C. §1544, Misuse of a Passport. The Court will sentence Ms. Lewis on April 29, 2008. Ms. Lewis is in receipt of the Presentence Investigation Report prepared by E. Ann Searles, United States Probation Officer. The report calculates a total offense level of 10 based on offense characteristics. The probation report recommends imposition of an 11 month sentence in federal prison.

In *United States v. Booker*, 543 U.S. 220, 243-244, 125 S. Ct. 738, 160 L. Ed. 2d 621, the United States Supreme Court held that 18 U.S.C. section 3553(b)'s provision that sentencing under the Sentencing Guidelines was mandatory "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into

consideration by the Sentencing Commission in formulating the guidelines" violated the Sixth Amendment right to trial by jury. The Supreme Court preserved the Sentencing Guidelines by modifying them to be discretionary sentencing guides rather than mandatory. Under Booker, the sentencing court still considers the guidelines, but also considers the sentencing factors set forth in 18 U.S.C. section 3553(a) and the need to avoid unwarranted sentencing disparities. Section 3553(a) provides as follows:

> "(a) Factors To Be Considered in Imposing a Sentence.— The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established (refers to guidelines...)
>
> (5) any pertinent policy statement (refers to guidelines...)
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense."

The probation report has recommended a federal prison sentence of 11 months.

There is no need to impose a sentence greater than 8 months under section 355 because Ms. Lewis has previously demonstrated that she will obey all conditions and terms of supervised release and complete supervised release without incident. In 1995 Ms. Lewis was convicted of

a felony and received custody time along with a term of conditional release into the community. In 1998 she successfully completed probation without incident. Since 1995 until the present offense, she has not been convicted of any other criminal offense.

An 11 month prison sentence would also be contrary to the goal of section 3553(a) because the nature and circumstance of the offense are non violent. Ms. Lewis was arrested and convicted of having misused a passport. Ms. Lewis cooperated with the authorities when questioned about the offense and took full responsibility for her conduct.

Moreover, the Court should consider the defendants history of physical and sexual abuse when imposing a sentence. Ms. Lewis has an unfortunate history of abuse which has negatively affected her entire life. She has just recently been able to grasp the serious emotional problems she suffers from because of the abuse she sustained. After having been arrested for the present offense, she overdosed on prescription medicine in an attempt to commit suicide. Fortunately, she was rushed to the hospital and treated. If the Court sentences her to 8 months, she will have better access and more choices as to mental health treatment facilities in the community than she would have in custody.

## 2. Conclusion

The Probation Office's recommendation to the Court to impose an 11 month prison term is overly severe and disparate and would not carry out the goals of 18 U.S.C. section 3553(a). The Court should exercise its discretion under *Booker* and sentence defendant to 8 months in prison.

Dated: Oakland, California, Tuesday, April 22, 2008.

_____
Jamil Karwash
Attorney for Defendant

**PROOF OF SERVICE**

I, the undersigned, depose and state: I reside or do business within the County of Alameda. I am over eighteen years of age and not a party to this action. My business address is 1 Kaiser Plaza, Suite 2300, Oakland, CA 94612-3642.

On Tuesday, April 22, 2008, I served the following documents:

Amended Sentencing Memorandum

I served the following persons by ❏ U.S. mail ❏ FAX ❏ personal delivery:

E. Ann Searles
U.S. Probation Officer
450 Golden Gate Avenue, Suite 17-6884
San Francisco, California 94102-3487
(faxed to:  (415) 436-7572)

I declare under penalty of perjury that the above is true. Executed in Oakland, California on Tuesday, April 22, 2008.

_____
Jamil Karwash
Attorney for Defendant