1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2
   BRIAN STRETCH (CSBN 163973)
3  Chief, Criminal Division

4  DENISE MARIE BARTON (MABN 634052)
   Assistant United States Attorney
5
      450 Golden Gate Avenue, Box 36055
6     San Francisco, California 94102
      Telephone: (415) 436-7359
7     Facsimile: (415) 436-7234
      denise.barton@usdoj.gov
8

9                UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                 SAN FRANCISCO DIVISION

12

13  UNITED STATES OF AMERICA,          )    NO.  CR 07-782 WHA
                                       )
14           Plaintiff,                )    **UNITED STATES' SENTENCING**
                                       )    **MEMORANDUM**
15      v.                             )
                                       )    Sentencing
16  BARBARA LEWIS,                     )    Date:        April 29, 2008
                                       )    Time:        2:00 pm
17           Defendant.                )    Courtroom:   19th Floor, Courtroom 9
    _____)                 Hon. William H. Alsup
18

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

UNITED STATES' SENTENCING MEMORANDUM, CR 07-782 WHA

1      The United States, in accordance with the plea agreement entered into by the parties,

2  recommends a low end guideline range sentence, for the defendant, Barbara Lewis.  The

3  defendant purposefully obtained and used a United States passport in the name of another and

4  used it for the purpose of engaging in criminal conduct.  After consideration of the Sentencing

5  Guidelines and all other relevant factors, the United States suggests that 10 months, within the 8-

6  10 month low end range agreed to by the United States in the plea agreement, is a reasonable and

7  appropriate disposition of the matter.

8

9                                    **OFFENSE CONDUCT**

10      On November 21, 1997, the defendant entered the United States at San Francisco

11  International Airport with a United States passport issued in the name of Stephanie Michelle

12  Puckett.  *PSR, ¶ 6.*  The defendant was referred for secondary inspection because this passport

13  has been associated with a criminal investigation into money laundering and drug trafficking in

14  Arizona.  *PSR, ¶ 6.*  Customs and Border Protection Officers determined that the defendant's

15  fingerprints did not match those on file for Stephanie Michelle Puckett and that the defendant

16  was actually Barbara Marcia Lewis, an illegal alien from Jamaica.  *PSR, ¶ 7.*  After her arrest,

17  the defendant admitted that she was not Stephanie Michelle Puckett and that she had fraudulently

18  obtained and used the passport.

19

20                                        **ARGUMENT**

21      In determining the appropriate sentence in a criminal case, the Court must begin by

22  determining the applicable Guidelines range.  The Sentencing Guidelines are "the 'starting point

23  and the initial benchmark,'" *United States v. Kimbrough*, 128 S. Ct. 558, 574 (quoting *United*

24  *States v. Gall*, 128 S. Ct. 586, 596), and are to be kept in mind throughout the process, *Gall*, 128

25  S.Ct. at 596-97 n. 6.   Thereafter, the court must evaluate the sentence for substantive

26  reasonableness in light of the factors set out in 18 U.S.C. § 3553(a).  *United States v. Carty,__*

27  F.3d __, 2008 WL 763770 at *8 (9th Cir. 2008) (en banc).  The overarching statutory charge for

28  a district court is to "impose a sentence sufficient, but not greater than necessary" to reflect the

UNITED STATES' SENTENCING MEMORANDUM, CR 07-782 WHA

1  seriousness of the offense, promote respect for the law, and provide just punishment; to afford
2  adequate deterrence; to protect the public; and to provide the defendant with needed educational
3  or vocational training, medical care, or other correctional treatment. *Id.*; *see also 18 U.S.C. §*
4  *3553(a) and (a)(2).* In cases that are neither complex nor unusual, "the Commission's
5  recommendation of a sentencing range will reflect a rough approximation of sentences that might
6  achieve § 3553(a)'s objectives." *Carty,__* F.3d __, 2008 WL 763770 at 8 (internal citations and
7  quotations omitted). A Guidelines sentence will "usually be reasonable." *Id.* at *6.

9       A.    Guidelines Range.

10       The United States agrees with the United States Probation Department that the adjusted
11  offense level for this defendant is 10; the Criminal History Category is II; and the resulting
12  sentence range under the Sentencing Guidelines is 8-14 months.

14       B.    Nature and Circumstances of the Offense and the History and Characteristics of
15       the Defendant.

16       The nature and circumstances of this offense support the recommended 10 month
17  sentence. The defendant, a Jamaican national who resided in Arizona, obtained the false passport
18  in the name of Stephanie Puckett in 2003 using other fraudulently obtained documents - a birth
19  certificate and social security card. *PSR, ¶ 11.* Thereafter, she used this passport over a period of
20  four years for travel to engage in further criminal conduct for her financial gain. *PSR, ¶¶ 11, 12,*
21  *14.* Although defendant contends that she did not use the passport to carry narcotics, *see PSR ¶*
22  *11*, it is noteworthy that before her arrest in San Francisco the defendant was stopped at the Los
23  Angeles airport with $17,000 undeclared cash using the name Stephanie Michelle Puckett <u>and</u>
24  that the name Stephanie Puckett has been identified in connection with a investigation operated
25  by English, Jamaican, and other foreign nationals trafficking in narcotics and laundering money
26  out Arizona and England. *PSR, ¶ 6.* The United States suggests that it is not a coincidence that
27  the defendant, a Jamaican national, known to have lived in Arizona and England, who was
28  stopped at the Los Angeles airport when returning from London with a large amount of cash was

1  using a passport associated with an ongoing criminal narcotics and money laundering

2  investigation.

3       From the Presentence Report, the United States is aware of the information concerning

4  the defendant's personal and family background. Without any means to verify or corroborate

5  these statements, it is difficult to ascertain how, if at all, this information should affect her

6  sentence. The United States suggests that even if this information is accepted as true, her history

7  and background does not excuse her purposeful actions in obtaining and using a false passport.

8       Notwithstanding the seriousness of her conduct, the United States recognizes the

9  defendant admitted her conduct upon arrest and thereafter pled guilty early in the case, thereby

10 avoiding prolonged court appearances and pre-trial motions.

11

12       C.    The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote
              Respect for the Law, and to Provide Just Punishment.

13

14       As set forth in 18 U.S.C. § 3553(a)(2)(A), the Court must also consider the need for the

15 sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide

16 just punishment. The defendant, in claiming to be a United States citizen, stole the identity of a

17 United States citizen, violated United States immigration and customs laws, and hid her true

18 identity from customs official each time she traveled with this passport, all in purposeful

19 disregard of the applicable laws.

20

21       D.    The Need To Afford Adequate Deterrence to Criminal Conduct.

22       Section 3553(a)(2)(B) requires this Court to take into account the need to provide

23 adequate deterrence to criminal conduct. The defendant has already been convicted of one

24 serious crime - the transportation of narcotics. *PSR, ¶ 29.* During that crime, like the instant

25 one, she used a false name. Her conviction and incarceration on the narcotics offense did not

26 deter her from obtaining and using a false passport to engage in further criminal conduct. It is

27 hoped that a sentence of 10 months, followed by 3 years supervised release, will be significant to

28 the defendant and sufficient, but not greater than necessary, to impress upon her that continuing

1    to engage in criminal conduct will lead to nothing but further imprisonment, with even longer

2    sentences in the future.

3

4                                    **CONCLUSION**

5          For these reasons and those set forth below, the United States submits that a 10 month

6    sentence is "sufficient, but not greater than necessary" to effect the purposes of sentencing.  See

7    18 U.S.C. § 3553(a).

8

9

10   DATED: April 22, 2008                          Respectfully submitted,

11                                                   JOSEPH P. RUSSONIELLO
                                                     United States Attorney
12

13                                                   _____/s/_____
                                                     DENISE MARIE BARTON
14                                                   Assistant United States Attorney

15

16

17

18

19

20

21

22

23

24

25

26

27

28